**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**SERGIO RODRIGUEZ,**

***Plaintiff*,**

**v.** **Civil Action No. 2:25-cv-408-RBS-LRL**

**CAPTAIN WILLIAM DULL,**
**in his official capacity as Commanding Officer**
**of Naval Submarine Base Kings Bay,**

**and**

**SCOTT BASSETT,**
**in his official capacity as Public Affairs Officer**
**for Naval Submarine Base Kings Bay,**

***Defendants*.**

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Captain William Dull, in his official capacity as Commanding Officer of Naval Submarine Base Kings Bay ("NSBKB"), and Scott Bassett, in his official capacity as Public Affairs Officer for NSBKB, by counsel, respectfully submit the following Answer to the Complaint for Declaratory and Injunctive Relief (ECF No. 1) filed by Plaintiff, Sergio Rodriguez, in the above-captioned action.

## INTRODUCTION

1. Paragraph 1 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether Defendants acted in violation of the First Amendment of the U.S. Constitution is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

2. With respect to the allegations in the first and second sentences of Paragraph 2 of the Complaint, Defendants admit that on or about August 12, 2024, an electrical power outage occurred at NSBKB, which left military families residing on the base without power, and that Plaintiff posted questions and comments on the official NSBKB Facebook Page ("the Facebook Page") related to the outage. Defendants further admit that Plaintiff is a Navy spouse. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in the first and second sentences of Paragraph 2 and therefore deny the same. With respect to the allegations in the third sentence of Paragraph 2 of the Complaint, Defendants admit that on or about August 12, 2024, Captain Christopher Bohner, the Commanding Officer of NSBKB at the time, ordered his subordinate, Defendant Scott Bassett, the Public Affairs Officer for NSBKB, to block Plaintiff from the Facebook Page. Defendants deny that Captain Bohner ordered Defendant Bassett to delete all of Plaintiff's comments, or that either Defendant Bassett or Captain Bohner deleted such comments. The remainder of Paragraph 2 contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether Defendants acted in violation of the First Amendment of the U.S. Constitution is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

3. With respect to the allegations in Paragraph 3 of the Complaint, Defendants admit that Plaintiff is a Navy spouse. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 3 of the Complaint and therefore deny the same.

4. With respect to the allegations in Paragraph 4 of the Complaint, Defendants admit that on or about August 12, 2024, Captain Christopher Bohner ordered Defendant Bassett to block Plaintiff from the Facebook Page, and that Defendant Bassett did so. However, Defendants clarify

that on or about September 29, 2025, Defendant Bassett unblocked Plaintiff from the Facebook Page pursuant to the directive of Defendant Captain William Dull, the current Commanding Officer of NSBKB, and that as a result of such action, Plaintiff is currently permitted to reply and react to posts on the Facebook Page. The remainder of Paragraph 4 contains Plaintiff's argumentative characterization of alleged facts, which requires no response. To the extent a response is required, Defendants deny Plaintiff's argumentative characterization.

5. Paragraph 5 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants admit that Plaintiff filed this lawsuit alleging violations of his rights under the First Amendment of the U.S. Constitution, and that Plaintiff seeks declaratory and injunctive relief as further specified in his Complaint.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants admit that Plaintiff filed this lawsuit alleging violations of his rights under the First Amendment of the U.S. Constitution, and that Plaintiff seeks declaratory and injunctive relief as further specified in his Complaint.

7. Paragraph 7 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants admit that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the Court has determined that Plaintiff's case is not moot, *see* ECF No. 23, and Plaintiff's claims arise under the U.S. Constitution.

8. Paragraph 8 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants admit that venue is proper in the Court pursuant to 28 U.S.C. § 1391(e)(1)(C) because Defendants are officers or employees of the United States and Plaintiff alleges that he resides in Chesapeake, Virginia.

## PARTIES

9. With respect to the allegations in Paragraph 9 of the Complaint, Defendants admit that Plaintiff is a Navy spouse and that Plaintiff's spouse currently serves as a supply officer for the Navy. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10. With respect to the allegations in Paragraph 10 of the Complaint, Defendants admit that Captain Bohner served as the Commanding Officer of NSBKB between approximately October 2021 and July 2025. Defendants further admit that NSBKB is located in Kings Bay, Georgia. Defendants further admit that Plaintiff sued Captain Bohner in his official capacity only, but that Defendant Captain Dull has been substituted for Captain Bohner as a defendant pursuant to Federal Rule of Civil Procedure 25(d) and the Court's Order. *See* ECF No. 23 at 3 n.2.

11. With respect to the allegations in Paragraph 11 of the Complaint, Defendants admit that Defendant Bassett is the Public Affairs Officer for NSBKB and has served as the administrator of the Facebook Page since 2010. Defendants further admit that Defendant Bassett reported to Captain Bohner during the time that he served as the Commanding Officer of NSBKB, but that Defendant Bassett currently reports to Defendant Captain Dull. Defendants further admit that Plaintiff sued Defendant Bassett in his official capacity only.

12. With respect to the allegations in Paragraph 12 of the Complaint, Defendants admit that on or about August 12, 2024, Captain Christopher Bohner ordered Defendant Bassett to block Plaintiff from the Facebook Page, and that Defendant Bassett did so, but Defendants deny that Defendant Bassett or Captain Bohner deleted Plaintiff's comments. The remainder of Paragraph 12 contains legal conclusions that require no response. To the extent a response is required, Defendants submit that the determination whether Defendants acted under color of law is a legal

determination for the Court to make after the submission of evidence collected by the parties during discovery.

## FACTS

13. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Complaint and therefore deny the same.

14. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint and therefore deny the same.

15. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint and therefore deny the same.

16. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint and therefore deny the same.

17. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Complaint and therefore deny the same.

18. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint and therefore deny the same.

19. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint and therefore deny the same.

20. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint and therefore deny the same.

21. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 21 of the Complaint and therefore deny the same.

22. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the Complaint and therefore deny the same.

23. With respect to the allegations in Paragraph 23 of the Complaint, Defendants admit that Facebook is a social media platform. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 23 and therefore deny the same.

24. Defendants admit the allegations in Paragraph 24 of the Complaint.

25. Defendants admit the allegations in Paragraph 25 of the Complaint.

26. Defendants admit the allegations in Paragraph 26 of the Complaint.

27. Defendants admit the allegations in Paragraph 27 of the Complaint.

28. Defendants admit the allegations in Paragraph 28 of the Complaint.

29. Defendants admit the allegations in Paragraph 29 of the Complaint.

30. Defendants admit the allegations in Paragraph 30 of the Complaint.

31. With respect to the allegations in Paragraph 31 of the Complaint, Defendants admit that an owner of a Facebook page has the ability to control its content, subject to any controls that Facebook may exercise. Defendants further admit that the owner of a Facebook page has the ability to hide or delete posts, comments, and replies on the page. Defendants deny the remainder of the allegations in Paragraph 31.

32. Defendants admit the allegations in Paragraph 32 of the Complaint.

33. Defendants admit the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. With respect to the allegations in Paragraph 36 of the Complaint, Defendants admit that as the administrator of the Facebook Page, Defendant Bassett exercises control over the Facebook Page and has the authority to control who can post on, comment on, or read the Facebook Page. Defendants deny the remainder of the allegations in Paragraph 36.

37. Defendants admit the allegations in Paragraph 37 of the Complaint.

38. With respect to the allegations in Paragraph 38 of the Complaint, Defendants admit that the Facebook Page currently has over 36,000 followers.

39. Defendants admit the allegations in Paragraph 39 of the Complaint.

40. Defendants admit the allegations in Paragraph 40 of the Complaint.

41. Defendants admit the allegations in Paragraph 41 of the Complaint.

42. Defendants admit the allegations in Paragraph 42 of the Complaint.

43. With respect to the allegations in Paragraph 43 of the Complaint, Defendants admit that in his capacity as administrator of the Facebook Page, Defendant Bassett regularly uses the Facebook Page to make public announcements to the NSBKB community on behalf of NSBKB, including Defendant Captain Dull.

44. Defendants admit the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. With respect to the allegations in Paragraph 46 of the Complaint, Defendants admit that on or about August 12, 2024, an electrical power outage occurred at NSBKB, which left military families residing on the base without power. Defendants lack knowledge or information sufficient to admit or deny Plaintiff's allegation concerning the exact length of the outage.

47. With respect to the allegations in Paragraph 47 of the Complaint, Defendants admit that on or about August 12, 2024, Plaintiff posted questions and comments on the Facebook Page related to the electrical power outage at NSBKB. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 47 and therefore deny the same.

48. With respect to the allegations in Paragraph 48 of the Complaint, Defendants admit that a post by NSBKB on the Facebook Page on or about August 12, 2024, stated "working [on it] have been out since first daylight. No ETA yet." Defendants further admit that on or about the same date, Plaintiff subsequently replied to another Facebook user, Jessica Alden, as follows: "interested in the response to this." Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 48 and therefore deny the same.

49. With respect to the allegations in Paragraph 49 of the Complaint, Defendants admit that on or about August 12, 2024, Plaintiff tagged the Facebook Page and posted as follows: "is there a plan in place to temporarily relocate residents if the power outage continues? It's entirely too hot and humid to sit in a house without air conditioning. If residents need to relocate, who should they reach out to?" Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 49 and therefore deny the same.

50. Defendants admit the allegations in Paragraph 50 of the Complaint.

51. Defendants admit the allegations in Paragraph 51 of the Complaint.

52. Defendants admit that Paragraph 52 of the Complaint contains a screenshot of the Facebook Page's post on or about August 12, 2024, as well as some of Plaintiff's comments in response to the post, but deny that the screenshot in Paragraph 52 contains all comments and replies in response to the Facebook Page's post.

53. With respect to the allegations in Paragraph 53 of the Complaint, Defendants admit that on or about August 12, 2024, Captain Christopher Bohner ordered Defendant Bassett to block Plaintiff from the Facebook Page, and that Defendant Bassett did so. Defendants further admit that as a result of the blocking, Plaintiff's previous comments were hidden from public view. However, Defendants clarify that on or about September 29, 2025, Defendant Bassett unblocked Plaintiff

from the Facebook Page pursuant to the directive of Defendant Captain William Dull, the current Commanding Officer of NSBKB, and that as a result of such action, Plaintiff is currently permitted to reply and react to posts on the Facebook Page. Defendants deny the remainder of the allegations in Paragraph 53.

54. With respect to the allegations in Paragraph 54 of the Complaint, Defendants admit that on or about August 12, 2024, Captain Bohner's wife called Plaintiff. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 54 and therefore deny the same.

55. With respect to the allegations in Paragraph 55 of the Complaint, Defendants admit that during the time that Plaintiff was blocked from the Facebook Page, Plaintiff would have lacked the ability to access the Facebook Page under his personal Facebook profile, but Defendants clarify that the Facebook Page remained available for members of the general public to access without the use of a Facebook profile. Defendants deny that Plaintiff's comments were deleted from the Facebook Page. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 55 and therefore deny the same.

56. With respect to the allegations in Paragraph 56 of the Complaint, Defendants admit that on or about August 15, 2024, Plaintiff emailed both Captain Bohner and Defendant Bassett requesting reinstatement to the Facebook Page.

57. Defendants admit the allegations in Paragraph 57 of the Complaint.

58. With respect to the allegations in Paragraph 58 of the Complaint, Defendants deny that viewers of the Facebook Page are currently unable to see any of Plaintiff's comments. The remainder of Paragraph 58 contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether Plaintiff suffered

irreparable injury is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. With respect to the allegations in Paragraph 60 of the Complaint, Defendants deny that Plaintiff is banned from the Facebook Page. The remainder of Paragraph 60 contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether Plaintiff suffered irreparable injury and ongoing harm is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

61. With respect to the allegations in Paragraph 61 of the Complaint, Defendants deny that Plaintiff is banned from the Facebook Page. The remainder of Paragraph 61 contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether Plaintiff suffered irreparable injury and ongoing harm is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

62. With respect to the allegations in Paragraph 62 of the Complaint, Defendants deny that Plaintiff is banned from the Facebook Page. The remainder of Paragraph 62 contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether Plaintiff suffered irreparable injury and ongoing harm is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

63. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 63 of the Complaint and therefore deny the same.

## COUNT ONE

64. With respect to the allegations in Paragraph 64 of the Complaint, Defendants incorporate by reference their previous responses to Paragraphs 1 through 63 of the Complaint as if fully stated herein.

65. Paragraph 65 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether Plaintiff's speech on the Facebook Page is protected under the First Amendment is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

66. Paragraph 66 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether the Facebook Page constitutes a public forum or limited public forum is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

67. Paragraph 67 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants deny that Plaintiff's comments were deleted from the Facebook Page, and further respond that the determination whether Captain Bohner and Defendant Bassett were acting within their official capacity and performing government functions is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

68. Paragraph 68 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants deny that Plaintiff's comments were deleted from the Facebook Page, and further respond that the determination whether the actions of Captain Bohner and Defendant Bassett violated the First Amendment is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

69. Paragraph 69 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants deny that Plaintiff's comments were deleted from the Facebook Page, and further respond that the determination whether the actions of Captain Bohner and Defendant Bassett violated the First Amendment is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

70. Paragraph 70 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether viewpoint discrimination is presumptively unconstitutional and/or forbidden under the circumstances described is a legal determination for the Court to make.

71. Paragraph 71 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants deny that Plaintiff's comments were deleted from the Facebook Page, and further respond that the determination whether the actions of Captain Bohner and Defendant Bassett violated the First Amendment is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

72. Paragraph 72 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants deny that Plaintiff's comments were deleted from the Facebook Page, and further respond that the determination whether the actions of Captain Bohner and Defendant Bassett violated the First Amendment is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

73. Paragraph 73 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants deny that Plaintiff's comments were deleted from the Facebook Page, and further respond that the determination whether the actions of Captain

Bohner and Defendant Bassett violated the First Amendment is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

74. Paragraph 74 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants deny that Plaintiff is currently banned from commenting on the Facebook Page, and further respond that the determination whether the actions of Captain Bohner and Defendant Bassett violated the First Amendment is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

75. Paragraph 75 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants deny that Plaintiff is currently banned from commenting on or viewing the Facebook Page, and further respond that the determination whether the actions of Captain Bohner and Defendant Bassett violated the First Amendment is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

76. Paragraph 76 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether Plaintiff has no other adequate legal, administrative, or other remedy is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

77. Paragraph 77 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether Plaintiff is entitled to declaratory relief is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

## COUNT TWO

78. With respect to the allegations in Paragraph 78 of the Complaint, Defendants incorporate by reference their previous responses to Paragraphs 1 through 77 of the Complaint as if fully stated herein.

79. Paragraph 79 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants deny that Plaintiff is prohibited from posting protected speech on the Facebook Page, and lack knowledge or information sufficient to admit or deny whether Plaintiff would like to continue posting on the Facebook Page. Defendants further respond that the determination whether Plaintiff's speech on the Facebook Page is protected under the First Amendment is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

80. Paragraph 80 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether the Facebook Page constitutes a public forum or limited public forum is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

81. Paragraph 81 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants deny that Plaintiff's comments were deleted from the Facebook Page, and further respond that the determination whether Captain Bohner and Defendant Bassett were acting within their official capacity and performing government functions is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

82. Paragraph 82 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants deny that Plaintiff has been banned from the

Facebook Page indefinitely, and further respond that the determination whether the actions of Captain Bohner and Defendant Bassett violated the First Amendment is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

83. Paragraph 83 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants deny that Plaintiff has been banned from the Facebook Page indefinitely, and further respond that the determination whether the actions of Captain Bohner and Defendant Bassett violated the First Amendment is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

84. Paragraph 84 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether prior restraints are presumptively unconstitutional is a legal determination for the Court to make.

85. Paragraph 85 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether the First Amendment bars the government from banning speech before it can be heard is a legal determination for the Court to make.

86. With respect to the allegations in Paragraph 86 of the Complaint, Defendants admit that Captain Bohner and Defendant Bassett did not provide Plaintiff with any notice prior to blocking him from the Facebook Page, but deny that Plaintiff's comments were deleted.

87. With respect to the allegations in Paragraph 87 of the Complaint, Defendants admit that Captain Bohner and Defendant Bassett did not provide Plaintiff with the opportunity to contest his blocking from the Facebook Page and did not have a procedure in place to contest a ban from the Facebook Page, but deny that Plaintiff's comments were deleted.

88. Paragraph 88 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether the actions of Captain Bohner and Defendant Bassett violated the First Amendment is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

89. Paragraph 89 of the Complaint contains Plaintiff's argumentative characterization of alleged facts, which requires no response. To the extent a response is required, Defendants respond that Plaintiff's comments on the Facebook Page speak for themselves and are the best evidence of their contents.

90. Paragraph 90 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants deny that Plaintiff has been blocked from the Facebook Page indefinitely, and further respond that the determination whether the actions of Captain Bohner and Defendant Bassett violated the First Amendment is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

91. Paragraph 91 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants deny any intent to violate Plaintiff's constitutional rights in the future, and further respond that the determination whether the actions of Captain Bohner and Defendant Bassett violated the First Amendment is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

92. Paragraph 92 of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants respond that the determination whether Plaintiff is entitled to declaratory relief is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery.

The remainder of Plaintiff's Complaint constitutes a prayer for relief, which requires no response. To the extent a response is required, Defendants respond that the determination whether Plaintiff is entitled to any form of relief is a legal determination for the Court to make after the submission of evidence collected by the parties during discovery. Defendants further deny any allegations not specifically admitted herein.

Respectfully submitted,

CAPTAIN WILLIAM DULL
SCOTT BASSETT
Defendants

TODD W. BLANCHE
Acting Attorney General

By: /s/ *Daniel P. Shean*

Daniel Shean, Assistant U.S. Attorney
Virginia State Bar No. 84432
Counsel for Defendants
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510-1671
Telephone: 757.441.6331
Facsimile: 757.441.6689
Email: Daniel.Shean@usdoj.gov