**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

SERGIO RODRIGUEZ,

Plaintiff,

v. Action No. 2:25cv408

CAPTAIN WILLIAM DULL,
in his official capacity as
Commanding Officer of Naval
Submarine Base Kings Bay, et al.,

Defendants.

## SETTLEMENT CONFERENCE ORDER

This case has been referred to the undersigned for a settlement conference. In order to facilitate the just and expeditious resolution of this case, it is **ORDERED** as follows:

1. All parties and their lead counsel are required to appear at a settlement conference scheduled in the United States District Court, 600 Granby Street, Norfolk, Virginia 23510, at **9:30 a.m. on July 27, 2026**, for the purpose of conducting discussions, in good faith, towards a compromised resolution of this case.

2. **EACH PARTY MUST BRING TO THE SETTLEMENT CONFERENCE A PERSON WITH FULL AND COMPLETE AUTHORITY TO SETTLE THE CASE.** Local Civil Rule 83.6.

3. No party representative or party shall appear at the conference via telephone without first obtaining Court approval.

4. Parties, party representatives, and counsel are no longer required to submit an electronic device request to bring a cellphone to the courthouse, effective January 6, 2025, but must submit an electronic device request to bring any other electronic device.

   a. Court Security Officers will place cellphones in a "Yondr" pouch. The pouch is locked, but visitors may keep their cellphone in their possession while at the courthouse. If use of a cellphone is necessary for the

settlement conference, Judge Krask may grant permission to access the cellphone and the pouch will be unlocked in chambers. For more information, *see* https://www.vaed.uscourts.gov/news/united-states-district-court-eastern-district-virginia-announces-major-changes-personal.

b. If a party, party representative, or counsel wishes to bring *any other electronic device* to the settlement conference, including tablets, laptop computers, or any device capable of recording audio/video or still image photography, they must submit a request for electronic device authorization that can be found on the Court's website. *The request must provide a specific reason why the device is required for participation in the settlement conference.* The request can be emailed to: **Jacqueline_McIntyre@vaed.uscourts.gov**

5. The authority of persons in attendance shall include the ability to completely resolve all facets of the case without the need to seek or obtain additional authority from persons not in attendance. An insured party shall appear together with a representative of the insurer with authority to negotiate and conclude a settlement. An uninsured corporate party shall appear by a party representative with authority to negotiate and conclude a settlement. If there are issues involving medical or other liens, plaintiff shall attempt to have a representative for the lienholder present or available by telephone with authority to negotiate and conclude a settlement.

6. Prior to the settlement conference, the parties should make a good faith effort to negotiate and settle the case. **Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than seven (7) days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate.**

7. The substantive negotiations at the settlement conference are confidential and may not be used by the parties for any purpose other than settlement. Federal Rule of Evidence 408.

8. The parties must:

a. **Submit a brief memorandum of five pages or less directly to the chambers of the undersigned (do not file in the clerk's office) by noon on July 20, 2026.** Do not serve a copy of the memorandum on the opposing party unless you wish to disclose your settlement position.

**The memorandum can be emailed to:**

**Robert_Krask@vaed.uscourts.gov**

**Jacqueline_McIntyre@vaed.uscourts.gov**

**Lia_Willis@vaed.uscourts.gov**

b. The memorandum will be considered and maintained on a confidential basis and will be destroyed upon conclusion of the conference, regardless of outcome.

c. The memorandum should address the following:

i. An objective overview of the basic allegations and relevant facts;

ii. A realistic assessment of the strengths and weaknesses of each party's position;

iii. A summary of settlement discussions to date, **including copies of the settlement letters exchanged by the parties in ¶ 5 above;**

iv. A statement of settlement expectations (to include proposed settlement offers); and

v. Identify the lawyers and party representatives who will attend the conference.

9. If the case presents unusual circumstances, or if you have any questions, counsel are encouraged to set up a conference call with the undersigned.

10. At the settlement conference, counsel must be prepared to provide a brief oral presentation outlining the factual and legal highlights of the case to be followed by separate confidential caucuses.

11. The parties must be prepared to reduce to memorandum form at the conclusion of the conference the basic terms of any settlement agreement. In the alternative, the Court may require counsel and the parties to state the terms of the settlement agreement on the record.

12. If ex parte or other confidential discussions occur during the settlement conference, the undersigned will not conduct any other hearing or make any further decisions in this case after beginning the settlement conference. The undersigned will not disclose the information received during the settlement conference to anyone without the permission of the party providing the information. The discussions occurring in the settlement conference may not be used by or against any party. Federal Rule of Evidence 408.

13. If a party appears at the settlement conference without having complied with the requirements of this Order, the Court may continue or cancel the settlement conference, and may assess against the noncomplying party, attorney, or both, a monetary sanction which may include the fees and expenses incurred by the other parties in attending the settlement conference.

14. **IF THE PARTIES AGREE UPON A SETTLEMENT (BEFORE, DURING, OR AFTER THE SETTLEMENT CONFERENCE), COUNSEL FOR ONE OF THE PARTIES SHALL IMMEDIATELY NOTIFY THE COURT BY ELECTRONICALLY FILING A NOTICE OF SETTLEMENT.**

The Clerk shall mail a copy of this Settlement Conference Order to all counsel of record.

/s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
June 26, 2026